UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN MORALES, JR.,

      Plaintiff,

v.                                      Case No: 6:20-cv-724-GKS-DCI

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## ORDER

THIS CAUSE concerns Plaintiff Benjamin Morales, Jr.'s, (Morales) appeal from a final administrative decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for Supplemental Security Income (SSI). On September 28, 2020, the Commissioner filed a certified copy of the record of administrative proceedings related to Plaintiff's case. (*See* Administrative Record, filed at Doc. 20, hereinafter referred to as "Tr.").

The United States Magistrate Judge entered a report and recommendation (Report and Recommendation) (Doc. 28), on May 28, 2021, recommending the Commissioner's decision be reversed and remanded based solely upon one of three assignments of error raised by Plaintiff.[1] As set forth below, the Court respectfully

---

[1] Issues on Appeal, Report and Recommendation, pp. 1-2, and p. 4 at footnote 4.

declines to adopt the Report and Recommendation and will affirm the Commissioner's decision.

## I. BACKGROUND

On November 29, 2016, Plaintiff Morales filed application for SSI alleging disability beginning on January 16, 2016. Plaintiff's claim was denied initially, (Tr. 204), and upon reconsideration. (Tr. 207, 210). Plaintiff requested a hearing before an administrative law judge (ALJ). A hearing was held on May 16, 2019, (Tr. 43-79), before administrative law judge Thomas Auble at which Plaintiff was represented (Tr. 20, 203). The ALJ issued an unfavorable decision determining that Plaintiff was not disabled "under section 1614(a)(3)(A) of the Social Security Act." (Tr. 35). The Appeals Council denied Plaintiff's Request for review. (Tr. 1-7).

After exhausting his administrative remedies, Plaintiff filed his Complaint in this Court on April 27, 2020, seeking review of the final decision of the Commissioner. (Doc. 1). Thereafter, on February 11, 2021, the parties submitted a Joint Memorandum of Law (Doc. 27), addressing their differing positions.

The United States Magistrate Judge entered the Report and Recommendation (Doc. 28), recommending that the Commissioner's decision be reversed and remanded because "[t]he ALJ did not mention - let alone explain the weight he accorded - the 2019 MRI." (*Id.* at 10). Defendant Commissioner filed Objections to the Report and Recommendation, (Doc, 29), and Plaintiff Morales filed his Response

2

to Defendant Objections to Magistrate Judge's Report and Recommendation (Doc. 30).

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence in the record as a whole. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *see also* 42 U.S.C. § 405(g), § 1383(c)(3).

An ALJ's factual findings shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g), § 1383(c)(3). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing, *inter alia, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). *Maldonado v. Comm'r of Soc. Sec.*, (No. 20-14331) 2021 U.S. App. LEXIS 20218, __ Fed. Appx. __, (11th Cir. July 8, 2021) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991), and *Martin v. Sullivan*, 894 F.2d at 1529). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for

determining that the proper legal analysis has been conducted mandates reversal." *Id.* (citing *Cornelius*, 936 F.2d at 1146, and *Martin*, 894 F.2d at 1529).

Additionally, a court reviewing the Commissioner's decision must "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). However, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*, 703 F.2d at 1239.

### III. DISCUSSION

Plaintiff asks the Court to either remand this case with instructions to award benefits, or to remand the case under the fourth sentence of 42 U.S.C. § 405(g) with instructions for further proceedings. (Doc. 27:45-46). Plaintiff challenges the Commissioner's final decision based upon three grounds. (Doc. Nos. 27:7-9; 16-20; 24-32). The Commissioner asserts that the decision of the ALJ is supported by substantial evidence and should be affirmed. (Doc. 27:46).

In this case, the Court has reviewed *de novo* the portions of the Report and Recommendation (Doc. 28) to which Plaintiff objects. After review and consideration of the record as a whole, taking into account evidence both favorable and unfavorable to Plaintiff Benjamin Morales Jr.'s claims, the Court determines that each of ALJ Auble's findings is supported by substantial evidence and ALJ

Auble applied the proper legal analysis to Plaintiff's claim for Supplemental Security Income. Accordingly, the Court affirms the Commissioner's final decision.

## IV. CONCLUSION

It is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 28) is **REJECTED**.

2. The Commissioner's final decision in this case is **AFFIRMED**.

3. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DONE AND ORDERED** at Orlando, Florida, this 20 day of July, 2021.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

5